SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
AARON J. MALO, Cal. Bar No. 179985
ANASTASIA K. BILLY, Cal Bar No. 210416
HONIEH O.H. UDENKA, Cal Bar No. 319103
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130
Email:    amalo@sheppardmullin.com
    abilly@sheppardmullin.com
    hudenka@sheppardmullin.com

Attorneys for Chapter 7 Trustee
JOHN J. MENCHACA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ASHOT GEVORK EGIAZARIAN, an individual,<br><br>      Debtor.<br> | Case No. 2:25-bk-13838 BB<br><br>Adv. Case No.<br><br>Chapter 7<br><br>**NOTICE OF REMOVAL** |
| NATALIA TSAGOLOVA,<br><br>      Petitioner,<br><br>  v.<br><br>ASHOT EGIAZARYIAN,<br><br>      Respondent<br><br>AND RELATED PROCEEDINGS. | |

SMRH:4921-9440-1882.4             NOTICE OF REMOVAL

TO ALL PARTIES-IN-INTEREST AND THEIR COUNSEL:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1334 and 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9027-1 of the Local Rules of the above-referenced Court (the "**Local Rules**"), John J. Menchaca, duly-appointed chapter 7 trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of debtor Ashot Gevork Egiazarian ("**Debtor**") hereby removes the case styled *Tsagolova v. Egiazarian*, pending in the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, Family Law Division, Case Number 20STFL03636 (the "**State Action**"), to the United States Bankruptcy Court for the Central District of California. The removal of the State Action is based upon the following:

1. On May 8, 2025 (the "**Petition Date**"), the Debtor commenced the within bankruptcy case (the "**Bankruptcy Case**") by filing a voluntary chapter 7 bankruptcy petition. The Trustee was duly appointed on the same date. Since the commencement of the Bankruptcy Case, the Trustee has worked to marshal Estate assets for the benefit of creditors.

2. The Debtor asserts that he is the beneficial owner of certain assets that are titled in the name of "nominees" in order to protect his assets and privacy rights from predatory business and political rivals. Suren Egiazarian ("**Suren**") and Artem Egiazarian ("**Artem**") are two of the Debtor's identified nominees.

3. Assets held by nominees for the benefit of the Debtor are property of the Estate (collectively, the "**Estate Property**"). The Trustee is still in the process of identifying Estate Property, which he currently believes to include, but is not limited to, the following:

- A villa located at 75 de la Corniche d'Or in Theoule sur Mer, Cote d'azur, France (the "**Villa**"), titled in the name of Mitra Holdings, S.A. ("**Mitra**");

- Shares of Mitra;

- A residence located at 655 Endrino Place, Beverly Hills, CA 90210 (the "**Endrino Property**");

- A luxury residence in Russia; and

SMRH:4921-9440-1882.4  NOTICE OF REMOVAL

- Various business entities with interests in and/or related to the Europark shopping mall in Moscow, Russia, including certain Cypriot entities.

4. On May 19, 2025, the Trustee commenced an adversary proceeding in connection with his efforts to obtain control over, and title to, certain assets, including the Villa and the Endrino Property (the "**Adversary Proceeding**"). In the Adversary Proceeding, the Trustee seeks, among other things, a declaration that the Villa and the Endrino Property are property of the Estate.

**The State Action**

5. Prior to the Petition Date, on April 21, 2020, the Debtor's former spouse, Natalia Tsagolova ("**Tsagolova**"), commenced the State Action by filing a Petition for Dissolution of Marriage.

6. The Debtor filed his Response and Request for Dissolution of Marriage on August 31, 2021.

7. At issue in the State Action are various matters concerning the ownership of, and rights in, to, and in connection with, various assets, including Estate Property.

8. On September 9, 2024, Tsagolova and the Debtor jointly filed a *Verified Complaint for Joinder of Suren Egiazarian and Artem Egiazarian* (the "**Complaint**") against Suren and Artem in the State Action, asserting the following causes of action: (1) Conversion; (2) Civil Theft; (3) Unjust Enrichment; (4) Quiet Title; (5) Constructive Trust; and (6) Declaratory Relief.

9. The Complaint alleges that the Debtor and Tsagolova are the beneficial owners of certain community property assets to which Suren and Artem hold title in their capacity as nominees. The property at issue in the Complaint includes, without limitation, the Villa and the Endrino Property, as well as other Estate Property. Among other things, the Complaint requests a judicial determination regarding the ownership of the assets at issue therein – which are Estate Property.

**Consent to Jurisdiction**

10. The Trustee intends to pursue all matters relating to the ownership of, and rights in, to, and in connection with Estate Property at issue in the State Action, including those specific

matters raised in the Complaint. Pursuant to Bankruptcy Rule 9027(a)(1)(B), the Trustee consents to this Court's entry of final judgments and/or orders associated with the State Action.

**Basis for Removal**

11. Pursuant to 28 U.S.C. §1452(a), "[a] party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28]." 28 U.S.C. § 1334, in turn, provides that district courts have original jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Pursuant to General Order No. 13-05 of the United States District Court for the Central District of California (the "**Referral Order**"), all cases under the Bankruptcy Code are referred to the bankruptcy judges for the Central District of California. *See* Referral Order; *see also* Local Rule 9027-1 ("A notice of removal must be filed with the clerk of the bankruptcy court….")

12. "Bankruptcy judges may hear and determine…all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgment, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Core proceedings include, but are not limited to, *inter alia*, "matters concerning the administration of the estate," "orders to turn over property of the estate," and "other proceedings affecting the liquidation of the assets of the estate." 28 U.S.C. § 157(b)(2)(A), (E), (O). Issues concerning the ownership of, and rights in, to, and in connection with Estate Property at issue in the State Action, including those addressed in the Complaint, are core matters. *Id*. They "arise under" title 11, as they directly relate to turnover of property of the Estate under 11 U.S.C. § 542, among other things. Such issues also "arise in" the Bankruptcy Case because they involve property of the Estate under 11 U.S.C. § 541, they fall squarely within the administration of the Estate, and they impact liquidation of Estate assets.

13. Additionally, bankruptcy judges may hear non-core proceedings "otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1), (2). A proceeding is "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have an effect on the estate being

administered in bankruptcy." *In re Fietz* (9th Cir. 1988) 852 F.2d 455, 457 (citations omitted). Specifically, "related to" jurisdiction lies where the outcome of the proceeding could alter "the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and…in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (citations omitted); *see also In re Wilshire Courtyard* (9th Cir. 2013) 729 F.3d 1279, 1287 ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy") (citations omitted). The State Action is "related to" the Bankruptcy Case because it involves issues concerning the ownership of, and rights in, to, and in connection with Estate Property. Additionally, the Complaint specifically seeks orders involving Estate Property that is also the subject of the Adversary Proceeding. Therefore, an order in the State Action relating to the Complaint could directly impact, and potentially be inconsistent with, determinations in the Adversary Proceeding.

14. For all of these reasons, "arising under," "arising in," and "related to" jurisdiction exists under 28 U.S.C. § 1334(b). Moreover, the State Action and the Bankruptcy Case, including many of the matters raised in the Complaint and in the Adversary Proceeding, overlap as they seek judicial determinations regarding Estate Property. Allowing these issues to be adjudicated in multiple forums could result in conflicting and inconsistent rulings. This also makes removal of the State Action appropriate under 28 U.S.C. § 1452.

**Timeliness**

15. Subject to exceptions not applicable here, Bankruptcy Rule 9027(b) provides that where a "claim or cause of action that arose in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed…90 days after the order of relief in the bankruptcy case." This Notice of Removal has been filed within 90 days of the Petition Date, thereby rendering it timely.

**Copies of Docket**

16. Pursuant to Local Rule 9027-1, the Trustee will file with the clerk a copy of the docket in the State Action, and a copy of the pleadings therein, within 30 days after the filing of this notice, or 14 days after the entry of an order denying remand.

Dated: August 6, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ *Aaron J. Malo*
AARON J. MALO
ANASTASIA K. BILLY
HONIEH O.H. UDENKA

Attorneys for Chapter 7 Trustee
JOHN J. MENCHACA