SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
AARON J. MALO, Cal. Bar No. 179985
ANASTASIA K. BILLY, Cal Bar No. 210416
HONIEH O.H. UDENKA, Cal Bar No. 319103
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:     714.513.5100
Facsimile:     714.513.5130
Email:         amalo@sheppardmullin.com
               abilly@sheppardmullin.com
               hudenka@sheppardmullin.com

Attorneys for Chapter 7 Trustee
JOHN J. MENCHACA

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ASHOT GEVORK EGIAZARIAN, an individual,<br><br>          Debtor. | Case No. 2:25-bk-13838 BB<br><br>Adv. Case No.<br><br>Chapter 7<br><br>**NOTICE OF REMOVAL** |
| NATALIA TSAGOLOVA,<br><br>          Petitioner,<br><br>    v.<br><br>ASHOT EGIAZARYIAN,<br><br>          Respondent | |
| AND RELATED PROCEEDINGS. | |

TO ALL PARTIES-IN-INTEREST AND THEIR COUNSEL:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1334 and 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9027-1 of the Local Rules of the above-referenced Court (the "**Local Rules**"), John J. Menchaca, duly-appointed chapter 7 trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of debtor Ashot Gevork Egiazarian ("**Debtor**") hereby removes the case styled *Tsagolova v. Egiazarian*, pending in the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, Family Law Division, Case Number 20STFL03636 (the "**State Action**"), to the United States Bankruptcy Court for the Central District of California.  The removal of the State Action is based upon the following:

1. On May 8, 2025 (the "**Petition Date**"), the Debtor commenced the within bankruptcy case (the "**Bankruptcy Case**") by filing a voluntary chapter 7 bankruptcy petition. The Trustee was duly appointed on the same date.  Since the commencement of the Bankruptcy Case, the Trustee has worked to marshal Estate assets for the benefit of creditors.

2. The Debtor asserts that he is the beneficial owner of certain assets that are titled in the name of "nominees" in order to protect his assets and privacy rights from predatory business and political rivals.  Suren Egiazarian ("**Suren**") and Artem Egiazarian ("**Artem**") are two of the Debtor's identified nominees.

3. Assets held by nominees for the benefit of the Debtor are property of the Estate (collectively, the "**Estate Property**").  The Trustee is still in the process of identifying Estate Property, which he currently believes to include, but is not limited to, the following:

- A villa located at 75 de la Corniche d'Or in Theoule sur Mer, Cote d'azur, France (the "**Villa**"), titled in the name of Mitra Holdings, S.A. ("**Mitra**");

- Shares of Mitra;

- A residence located at 655 Endrino Place, Beverly Hills, CA 90210 (the "**Endrino Property**");

- A luxury residence in Russia; and

-2-

- Various business entities with interests in and/or related to the Europark shopping mall in Moscow, Russia, including certain Cypriot entities.

4.       On May 19, 2025, the Trustee commenced an adversary proceeding in connection with his efforts to obtain control over, and title to, certain assets, including the Villa and the Endrino Property (the "**Adversary Proceeding**").  In the Adversary Proceeding, the Trustee seeks, among other things, a declaration that the Villa and the Endrino Property are property of the Estate.

### The State Action

5.       Prior to the Petition Date, on April 21, 2020, the Debtor's former spouse, Natalia Tsagolova ("**Tsagolova**"), commenced the State Action by filing a Petition for Dissolution of Marriage.

6.       The Debtor filed his Response and Request for Dissolution of Marriage on August 31, 2021.

7.       At issue in the State Action are various matters concerning the ownership of, and rights in, to, and in connection with, various assets, including Estate Property.

8.       On September 9, 2024, Tsagolova and the Debtor jointly filed a *Verified Complaint for Joinder of Suren Egiazarian and Artem Egiazarian* (the "**Complaint**") against Suren and Artem in the State Action, asserting the following causes of action:  (1) Conversion; (2) Civil Theft; (3) Unjust Enrichment; (4) Quiet Title; (5) Constructive Trust; and (6) Declaratory Relief.

9.       The Complaint alleges that the Debtor and Tsagolova are the beneficial owners of certain community property assets to which Suren and Artem hold title in their capacity as nominees.  The property at issue in the Complaint includes, without limitation, the Villa and the Endrino Property, as well as other Estate Property.  Among other things, the Complaint requests a judicial determination regarding the ownership of the assets at issue therein – which are Estate Property.

### Consent to Jurisdiction

10.       The Trustee intends to pursue all matters relating to the ownership of, and rights in, to, and in connection with Estate Property at issue in the State Action, including those specific

-3-

NOTICE OF REMOVAL

1  matters raised in the Complaint.  Pursuant to Bankruptcy Rule 9027(a)(1)(B), the Trustee consents

2  to this Court's entry of final judgments and/or orders associated with the State Action.

3  **Basis for Removal**

4  11.    Pursuant to 28 U.S.C. §1452(a), "[a] party may remove any claim or cause of

5  action in a civil action…to the district court for the district where such civil action is pending, if

6  such district court has jurisdiction of such claim or cause of action under section 1334 of

7  [Title 28]."  28 U.S.C. § 1334, in turn, provides that district courts have original jurisdiction over

8  "all civil proceedings arising under title 11, or arising in or related to cases under title 11."

9  28 U.S.C. § 1334(b).  Pursuant to General Order No. 13-05 of the United States District Court for

10  the Central District of California (the "**Referral Order**"), all cases under the Bankruptcy Code are

11  referred to the bankruptcy judges for the Central District of California.  *See* Referral Order; *see*

12  *also* Local Rule 9027-1 ("A notice of removal must be filed with the clerk of the bankruptcy

13  court….")

14  12.    "Bankruptcy judges may hear and determine…all core proceedings arising under

15  title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may

16  enter appropriate orders and judgment, subject to review under section 158 of this title."

17  28 U.S.C. § 157(b)(1).  Core proceedings include, but are not limited to, *inter alia*, "matters

18  concerning the administration of the estate," "orders to turn over property of the estate," and

19  "other proceedings affecting the liquidation of the assets of the estate."  28 U.S.C. § 157(b)(2)(A),

20  (E), (O).  Issues concerning the ownership of, and rights in, to, and in connection with Estate

21  Property at issue in the State Action, including those addressed in the Complaint, are core matters.

22  *Id.*  They "arise under" title 11, as they directly relate to turnover of property of the Estate under

23  11 U.S.C. § 542, among other things.  Such issues also "arise in" the Bankruptcy Case because

24  they involve property of the Estate under 11 U.S.C. § 541, they fall squarely within the

25  administration of the Estate, and they impact liquidation of Estate assets.

26  13.    Additionally, bankruptcy judges may hear non-core proceedings "otherwise related

27  to a case under title 11."  28 U.S.C. § 157(c)(1), (2).  A proceeding is "related to" a bankruptcy

28  case if "the outcome of the proceeding could conceivably have an effect on the estate being

-4-

NOTICE OF REMOVAL

1    administered in bankruptcy." *In re Fietz* (9th Cir. 1988) 852 F.2d 455, 457 (citations omitted).

2    Specifically, "related to" jurisdiction lies where the outcome of the proceeding could alter "the

3    debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and…in

4    any way impacts upon the handling and administration of the bankrupt estate." *Id.* (citations

5    omitted); *see also In re Wilshire Courtyard* (9th Cir. 2013) 729 F.3d 1279, 1287 ("A bankruptcy

6    court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly

7    related to the bankruptcy") (citations omitted).  The State Action is "related to" the Bankruptcy

8    Case because it involves issues concerning the ownership of, and rights in, to, and in connection

9    with Estate Property.  Additionally, the Complaint specifically seeks orders involving Estate

10   Property that is also the subject of the Adversary Proceeding.  Therefore, an order in the State

11   Action relating to the Complaint could directly impact, and potentially be inconsistent with,

12   determinations in the Adversary Proceeding.

13        14.    For all of these reasons, "arising under," "arising in," and "related to" jurisdiction

14   exists under 28 U.S.C. § 1334(b).  Moreover, the State Action and the Bankruptcy Case, including

15   many of the matters raised in the Complaint and in the Adversary Proceeding, overlap as they seek

16   judicial determinations regarding Estate Property.  Allowing these issues to be adjudicated in

17   multiple forums could result in conflicting and inconsistent rulings.  This also makes removal of

18   the State Action appropriate under 28 U.S.C. § 1452.

19                    **Timeliness**

20        15.    Subject to exceptions not applicable here, Bankruptcy Rule 9027(b) provides that

21   where a "claim or cause of action that arose in a civil action is pending when a bankruptcy case is

22   commenced, the notice of removal must be filed…90 days after the order of relief in the

23   bankruptcy case."  This Notice of Removal has been filed within 90 days of the Petition Date,

24   thereby rendering it timely.

25

26

27

28

-5-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Copies of Docket**

16.     Pursuant to Local Rule 9027-1, the Trustee will file with the clerk a copy of the docket in the State Action, and a copy of the pleadings therein, within 30 days after the filing of this notice, or 14 days after the entry of an order denying remand.

Dated:  August 7, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      _____
                    /s/ Aaron J. Malo
              AARON J. MALO
              ANASTASIA K. BILLY
              HONIEH O.H. UDENKA

              Attorneys for Chapter 7 Trustee
              JOHN J. MENCHACA

SMRH:4921-9440-1882.4                                      NOTICE OF REMOVAL

ORIGINAL

**FL-100**

| PARTY WITHOUT ATTORNEY OR ATTORNEY | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: IRENE INTELLIGATOR, ESQ    SBN 119869

FIRM NAME: LAW OFFICES OF IRENE INTELLIGATOR

STREET ADDRESS: 9107 Wilshire Boulevard, Suite 450

CITY: Beverly Hills,    STATE: CA   ZIP CODE: 90210

TELEPHONE NO.: 310. 272-7273    FAX NO.:

E-MAIL ADDRESS: irene@intelligatorlaw.com

ATTORNEY FOR (name): NATALIA TSAGOLOVA

**FILED**
Superior Court of California
County of Los Angeles

APR 21 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By_____ Deputy
Christopher Herrera

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: same

CITY AND ZIP CODE: Los Angeles, California 90012

BRANCH NAME: STANLEY MOSK

PETITIONER: NATALIA TSAGOLOVA

RESPONDENT: ASHOT EGIAZARIAN

**PETITION FOR**    ☐ **AMENDED**

☒ **Dissolution (Divorce) of:**    ☒ Marriage    ☐ Domestic Partnership

☐ **Legal Separation of:**    ☐ Marriage    ☐ Domestic Partnership

☐ **Nullity of:**    ☐ Marriage    ☐ Domestic Partnership

CASE NUMBER:

20STFL03636

**BY FAX**

1. **LEGAL RELATIONSHIP** (check all that apply):
   a. ☒ We are married.
   b. ☐ We are domestic partners and our domestic partnership was established in California.
   c. ☐ We are domestic partners and our domestic partnership was NOT established in California.

   *is assigned to Judge 63*

2. **RESIDENCE REQUIREMENTS** (check all that apply):
   a. ☒ Petitioner ☒ Respondent  has been a resident of this state for at least six months and of this county for at least three months immediately preceding the filing of this *Petition. (For a divorce, at least one person in the legal relationship described in items 1a and 1c must comply with this requirement.)*
   b. ☐ Our domestic partnership was established in California. Neither of us has to be a resident or have a domicile in California to dissolve our partnership here.
   c. ☐ We are the same sex, were married in California, but currently live in a jurisdiction that does not recognize, and will not dissolve, our marriage.This *Petition* is filed in the county where we married.
   Petitioner lives in (specify):    Respondent lives in (specify):

3. **STATISTICAL FACTS**
   a. ☒ (1) Date of marriage (specify): August 20, 1987  (2) Date of separation (specify): February 1,2020
      (3) Time from date of marriage to date of separation (specify): 32 Years 5 Months
   b. ☐ (1) Registration date of domestic partnership with the California Secretary of State or other state equivalent (specify below):
      (2) Date of separation (specify):
      (3) Time from date of registration of domestic partnership to date of separation (specify):    Years    Months

4. **MINOR CHILDREN**
   a. ☒ There are no minor children.
   b. ☐ The minor children are:

   | Child's name | Birthdate | Age | Sex |
   |---|---|---|---|

   (1) ☐ continued on Attachment 4b.    (2) ☐ a child who is not yet born.
   c. If any children listed above were born before the marriage or domestic partnership, the court has the authority to determine those children to be children of the marriage or domestic partnership.
   d. If there are minor children of Petitioner and Respondent, a completed *Declaration Under Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)* (form FL-105) must be attached.
   e. ☐ Petitioner and Respondent signed a voluntary declaration of paternity. A copy ☐ is ☐ is not attached.

04/23/2020

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California
FL-100 [Rev. July 1, 2016]
CEB ceb.com  Essential Forms

**PETITION—MARRIAGE/DOMESTIC PARTNERSHIP**
**(Family Law)**

Family Code, §§ 297, 299, 2320, 2330, 3409;
www.courts.ca.gov

TSAGOLOVA, NATALIA

FL-100

| PETITIONER:  NATALIA TSAGOLOVA | CASE NUMBER: |
|---|---|
| RESPONDENT:  ASHOT EGIAZARIAN | |

**Petitioner requests that the court make the following orders:**

5. **LEGAL GROUNDS** (Family Code sections 2200–2210, 2310–2312)

   a. [X] Divorce  or  [ ] Legal separation  of  the marriage or domestic partnership based on *(check one)*:
     (1) [X] irreconcilable differences.  (2) [ ] permanent legal incapacity to make decisions.

   b. [ ] Nullity of void marriage or domestic partnership based on
     (1) [ ] incest.  (2) [ ] bigamy.

   c. [ ] Nullity of voidable marriage or domestic partnership based on
     (1) [ ] petitioner's age at time of registration of domestic    (4) [ ] fraud.
         partnership or marriage.
     (2) [ ] prior existing marriage or domestic partnership.    (5) [ ] force.
     (3) [ ] unsound mind.    (6) [ ] physical incapacity.

6. **CHILD CUSTODY AND VISITATION (PARENTING TIME)**

| | Petitioner | Respondent | Joint | Other |
|---|---|---|---|---|
| a. Legal custody of children to............................................................. | [ ] | [ ] | [ ] | [ ] |
| b. Physical custody of children to....................................................... | [ ] | [ ] | [ ] | [ ] |
| c. Child visitation (parenting time) be granted to ............................. | [ ] | [ ] | | [ ] |

   As requested in: [ ] form FL-311  [ ] form FL-312  [ ] form FL-341(C)
                  [ ] form FL-341(D)  [ ] form FL-341(E)  [ ] Attachment 6c(1)

7. **CHILD SUPPORT**

   a. If there are minor children born to or adopted by Petitioner and Respondent before or during this marriage or domestic
     partnership, the court will make orders for the support of the children upon request and submission of financial forms by the
     requesting party.

   b. An earnings assignment may be issued without further notice.

   c. Any party required to pay support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.

   d. [ ] Other *(specify):*

8. **SPOUSAL OR DOMESTIC PARTNER SUPPORT**

   a. [X] Spousal or domestic partner support payable to  [X] Petitioner  [ ] Respondent
   b. [X] Terminate (end) the court's ability to award support to  [ ] Petitioner  [X] Respondent
   c. [ ] Reserve for future determination the issue of support payable to  [ ] Petitioner  [ ] Respondent
   d. [ ] Other *(specify):*

9. **SEPARATE PROPERTY**

   a. [ ] There are no such assets or debts that I know of to be confirmed by the court.

   b. [X] Confirm as separate property the assets and debts in  [ ] *Property Declaration* (form FL-160).  [ ] Attachment 9b.

     [X] the following list.            *Item*           *Confirm to*

| Item | Confirm to |
|---|---|
| 1. ANY AND ALL INTEREST IN AN LLC KNOWN AS STAL/SRL LOCATED IN VERONA, ITALY | PETITIONER |
| 2. AN APARTMENT LOCATED AT CORSO BORSARI, 32, VERONA, ITALY | PETITIONER |
| 3. TWO REAL PROPERTY ASSETS, GARAGE SPACES, LOCATED IN MOSCOW, RUSSIA: SKATERNYI,3 AND SETUN-19, GORBUNOVA,7/1 | PETITIONER |
| 4. ANY AND ALL PROPERTY ACQUIRED AND MONEY EARNED PRIOR TO THE DATE OF MARRIAGE AND SUBSEQUENTLY TO THE DATE OF SEPARATION, AS WELL AS BY GIFT AND/OR BEQUEST | PETITIONER |

**PETITION—MARRIAGE/DOMESTIC PARTNERSHIP**
**(Family Law)**

CEB® Essential
ceb.com Forms

TSAGOLOVA, NATALIA

| PETITIONER: NATALIA TSAGOLOVA | CASE NUMBER: | FL-100 |
|---|---|---|
| RESPONDENT: ASHOT EGIAZARIAN | | |

**10. COMMUNITY AND QUASI-COMMUNITY PROPERTY**

   a. ☐ There are no such assets or debts that I know of to be divided by the court.

   b. ☒ Determine rights to community and quasi-community assets and debts. All such assets and debts are listed

       ☐ in *Property Declaration* (form FL-160)   ☐ In Attachment 10b.

       ☒ as follows *(specify)*:

       1. A LICHTENSTEIN ALPHA TRUST ACCOUNT HELD AT THE MONEGASK BANK
       IN MONACO IN THE APPROXIMATE AMOUNT OF $170,000,00.00

       2. THE FULL NATURE AND EXTENT OF ANY ADDITIONAL COMMUNITY AND
       QUASI-COMMUNITY ASSETS AND DEBTS ARE PRESENTLY UNKNOWN;
       PETITIONER SHALL AMEND THIS PETITION ONCE THE FULL NATURE AND
       EXTENT OF THESE ARE ASCERTAINED

**11. OTHER REQUESTS**

   a. ☒ Attorney's fees and costs payable by  ☐ Petitioner  ☒ Respondent

   b. ☐ Petitioner's former name be restored to *(specify)*:

   c. ☐ Other *(specify)*:

       ☐ Continued on Attachment 11c.

**12. I HAVE READ THE RESTRAINING ORDERS ON THE BACK OF THE SUMMONS, AND I UNDERSTAND THAT THEY APPLY TO ME WHEN THIS PETITION IS FILED.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 21, 2020

NATALIA TSAGOLOVA
   (TYPE OR PRINT NAME)

Date: April 21, 2020

IRENE INTELLIGATOR, ESQ
   (TYPE OR PRINT NAME)

SIGNED ELECTRONICALLY

   (SIGNATURE OF PETITIONER)

   (SIGNATURE OF ATTORNEY FOR PETITIONER)

**FOR MORE INFORMATION:** Read *Legal Steps for a Divorce or Legal Separation* (form FL-107-INFO) and visit "Families Change" at www.familieschange.ca.gov — an online guide for parents and children going through divorce or separation.

**NOTICE:** You may redact (black out) social security numbers from any written material filed with the court in this case other than a form used to collect child, spousal or partner support.

**NOTICE—CANCELLATION OF RIGHTS:** Dissolution or legal separation may automatically cancel the rights of a domestic partner or spouse under the other domestic partner's or spouse's will, trust, retirement plan, power of attorney, pay-on-death bank account, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the right of a domestic partner or spouse as beneficiary of the other partner's or spouse's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance polices, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions. Some changes may require the agreement of your partner or spouse or a court order.

FL-100 [Rev. July 1, 2016]
CEB® Essential Forms
ceb.com
**PETITION—MARRIAGE/DOMESTIC PARTNERSHIP**
(Family Law)
Page 3 of 3

TSAGOLOVA, NATALIA

RON RALE (State Bar No. 137507)
LAW OFFICE OF RON RALE
2535 Townsgate Road, Suite 320
Westlake Village, California 91361
Telephone: (818) 575-2000
Email: ron@ronralelaw.com

Attorneys for RESPONDENT ASHOT
EGIAZARIAN

GREGORY W. JESSNER (State Bar No. 121920)
ADAM N. KING (State Bar No. 216996)
PHILLIPS. JESSNER LLP
350 South Grand Avenue, Suite 3550
Los Angeles, California 90071
Telephone: (213) 687-2650
Facsimile: (213) 687-2651
Email: crt@phillipsjessner.com

ALLAN L. SCHARE (State Bar No. 126305)
Email: aschare@tocounsel.com
SAMUEL G. FOGAS (State Bar No. 328185)
Email: sfogas@tocounsel.com
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for PETITIONER NATALIA
TSAGOLOVA

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/9/2024 8:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Barajas, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| NATALIA TSAGOLOVA,<br><br>      Petitioner,<br><br>      vs.<br><br>ASHOT EGIAZARIAN,<br><br>      Respondent.<br><br>_____<br><br>SUREN EGIAZARYIAN; ARTEM<br>EGIAZARYIAN; and DOES 1-25.<br><br>      Claimants. | Case No. 20STFL03636<br>Judge:   Hon. Christine J. Gonong, Dept. 63<br><br>**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN FOR:**<br><br>    **1. CONVERSION**<br>    **2. CIVIL THEFT**<br>    **3. UNJUST ENRICHMENT**<br>    **4. QUIET TITLE**<br>    **5. CONSTRUCTIVE TRUST**<br>    **6. DECLARATORY RELIEF** |

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

Page 1

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

## INTRODUCTION

1.    This lawsuit concerns the conversion of community property owned by Petitioner Natalia Tsagolova and Respondent Ashot Egiazarian and converted by Respondent's cousin, Suren Egiazaryian (a.k.a. Suren Egiazarian, Suren Egiazaryan, and Suren Yegiazaryan) ("Suren"), and brother, Artem Egiazaryian (a.k.a. Artem Egiazarian, Artem Egiazaryan, and Artem Yegiazaryan) ("Artem").

2.    The community property was titled in the name of Suren, Artem, or companies owned or controlled by Suren or Artem as registered owners, but Respondent and Petitioner were at all times the beneficial owners of the property.

3.    Upon entry of a Stipulated Partial Judgment in these proceedings on June 7, 2024, in which Respondent and Petitioner listed the specific community property held by Suren and Artem for their benefit and agreed to a procedure for the valuation and division between them of those community assets, Respondent and Petitioner demanded the property back from Suren and Artem. To date, they have refused to return the property.

4.    Instead, Suren and Artem now claim to own the property outright. In doing so, Suren and Artem have wrongfully converted and stolen the property from Respondent and Petitioner.

5.    By this lawsuit, Respondent and Petitioner seek damages for Suren's and Artem's conversions and thefts as well as a judicial determination that Respondent and Petitioner own the community assets in question, a constructive trust over those assets, and an order that Suren and Artem turn them over to Respondent and Petitioner.

## THE PARTIES

6.    Respondent Ashot Egiazarian ("Ashot" or "Respondent") is a natural person who resided in the County of Los Angeles in the State of California during the marriage and currently resides in Paris, France.

7.    Petitioner Natalia Tsagolova ("Natalia" or "Petitioner") is a natural person who resided in the County of Los Angeles, in the State of California during the marriage and currently resides in Moscow, Russia.

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

Page 2

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

8.      Claimant Suren is a natural person whose last known address was in the City of Beverly Hills, County of Los Angeles, in the State of California. Suren is Ashot's cousin.

9.      Claimant Artem is a natural person whose last known address was in the City of Beverly Hills, County of Los Angeles, in the State of California. Artem is Ashot's brother.

10.     Respondent and Petitioner do not know the true names and capacities of claimants sued as DOES 1-25, and therefore sue said claimants under their fictitious names. Respondent and Petitioner will seek leave to amend this Verified Complaint when the true names and capacities of these claimants have been ascertained. Suren, Artem and DOES 1-25 are collectively referred to in this Verified Complaint as "Claimants."

11.     Respondent and Petitioner are informed and believe, and on that basis allege, that at all times material to this action, Claimants were the alter egos, integrated enterprises, joint employers, principals, actual or ostensible, of each other. Each Claimant was completely dominated by his, her, their, or its co-Claimants, and each was the alter ego of the other.

12.     Respondent and Petitioner are informed and believe, and on that basis allege, that each and every one of the acts or omissions alleged herein was performed by, and/or attributable to, all Claimants, each acting as agent and/or employee, and/or under the direction and control of each of the other Claimants, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

13.     Respondent and Petitioner are informed and believe, and based thereon allege, that Claimants, and each of them, in committing the acts and omissions alleged in the Verified Complaint:

A.      Acted as agents, servants, or employees of the other Claimants;

B.      Acted within the scope of his/her/their/its authority as such agent, servant, or employee of the other Claimants;

C.      Acted in concert with the other Claimants with a design and for the purpose of injuring Respondent and Petitioner and unlawfully benefiting some or all of the Claimants; or, in the alternative,

D.      Approved and ratified the acts and omissions of the other Claimants.

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

## <u>GENERAL ALLEGATIONS</u>

14.    Ashot and Natalia were married on August 20, 1987. They separated on February 1, 2020.

15.    The Petition for Dissolution of Marriage in this matter was filed by Natalia on April 21, 2020. Ashot filed his Response and Request for Dissolution of Marriage on August 31, 2021.

16.    On May 15, 2024, Ashot and Natalia signed an Agreement on the Basic Terms of Settlement of the Community Property Division Dispute between Ashot Egiazarian and Natalia Tsagolova, regarding the characterization and division of community property. On June 4, 2024, Ashot and Natalia signed a Supplementary Agreement to the Agreement on the Basic Terms of Settlement of the Community Property Division Dispute between Ashot Egiazarian and Natalia Tsagolova.

17.    On June 7, 2024, the Court entered the Stipulated Partial Judgment ("Judgment") (and on June 12, 2024, replaced it with a redacted form of the Judgment) characterizing, among others, the following assets as community assets (Jgmt. at 3:10-5:11):

A.    Real Property

    (1)    The "Endrino Property": the residence is located at 655 Endrino Place, Beverly Hills, CA 90210, and title is held in the name of Suren; and

    (2)    Villa la Tortue: the residence located at 75 Boulevard de la Corniche d'Or, Theoule sur Mer, Cote d'Azur, France (the "Villa"), held in the name of Mitra Holdings S.A. (Luxembourg No. B117707) ("Mitra"), as to which Suren claims sole ownership.

B.    Business Interests (all held in the name of Suren or in the name of companies owned or controlled by Suren as registered owner)

    (1)    Skendleby Investments and Europark: 50% of Skendleby Investments Ltd (Cyrprus) held in the name of MPH Law Services Ltd (Cyprus), nominee shareholder, for benefit of Dovroco Ltd. (Cyprus), as well as Skendleby's indirect ownership interest in the Europark shopping mall located at 62

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

Rublevskoye Highway, Moscow, Russia (the "Europark Interest");

    (2)    Blidensol Trading & Investments: 50% of Blidensol Trading & Investments Ltd (Cyprus);

    (3)    Prechard Holdings: 50% of Prechard Holdings Ltd (Cyprus);

    (4)    Longlake Holdings: 50% of Longlake Holding Limited (Cyprus);

    (5)    Sicelin: 50% of Sicelin Ltd (Cyprus);

    (6)    Redpart: 50% of Redpart Ltd (Cyprus) held in the name of MPH Law Services Ltd (Cyprus);

    (7)    Daev Plaza LLC;

    (8)    Daev Plaza OJSC: 75% of Daev Plaza OJSC (Russia) held in the name of three entities: Adecco Corporate Services Ltd (BVI), Mistral Capital Management Ltd (BVI) and Clemens International Holdings Inc. (BVI), as well as Daev Plaza OJSC's ownership interest in the Daev Plaza office building (cadastral number 77:01 :0001086:1045);

    (9)    Adecco Corporate Services Ltd (BVI);

    (10)    Mistral Capital Management Ltd (BVI);

    (11)    Clemens International Holdings: Clemens International Holdings, Inc. (BVI); and

    (12)    Mitra (with its sole asset, the Villa).

18.    All of the real property and the business interests ("Business Interests") listed in paragraph 17 above are collectively referred to as the "Property."

19.    During the marriage, Ashot placed all of the Property in Suren's or Artem's names or in the name of companies owned or controlled by Suren or Artem as the registered owners. At all times during and after the marriage, Ashot, Natalia, Suren, and Artem understood and agreed that, while the Property was held in Suren's or Artem's names or held in the name of companies owned or controlled by Suren or Artem, Ashot was (as was Natalia, by operation of California community property law) the ultimate owner of the Property. In other words, Suren and Artem were the registered owner and Ashot and Natalia were the beneficial owners of the Property.

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

Page 5

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

20.     Upon partial settlement of their divorce proceeding by way of the Judgment, Ashot and Natalia demanded that Suren and Artem return the Property. Suren and Artem each refused.

21.     On information and belief, Suren has attempted to transfer some or all of the Property to third parties, and/or has attempted to change ownership or control of the companies that hold real property – such as Mitra, owner of the Villa – since entry of the Judgment.

22.     Since entry of the Judgment, Suren and Artem have intentionally interfered with Ashot and Natalia's ownership of the Property by knowingly and intentionally refusing to return the Property and preventing Ashot and Natalia from having access to it.

## FIRST CAUSE OF ACTION

### Conversion

### (Against Claimants)

23.     The preceding paragraphs are incorporated as if fully set forth herein by this reference.

24.     Ashot and Natalia own and have the right to possess and control the Property held by Suren and Artem. Claimants hold the Property on behalf of and for the benefit of Ashot and Natalia, and as Ashot and Natalia's nominees and agents.

25.     Claimants substantially interfered with Ashot and Natalia's ownership and right to control and possess the Property by knowingly and intentionally taking possession of the Property, by preventing Ashot and Natalia from having access to or control over the Property, and by refusing to transfer the Property to Ashot and Natalia.

26.     Ashot and Natalia did not consent to Claimants taking and retaining the Property.

27.     As a result of Claimants' actions, Ashot and Natalia have been damaged in a sum to be proved at trial, but in no event less than $50,000,000.

28.     Claimants' conduct was a substantial factor in causing Ashot and Natalia's harm.

29.     In committing the conduct alleged, Claimants acted willfully and with the intent to cause injury and to enrich themselves at Ashot and Natalia's expense. Each of the Claimants, therefore, is guilty of oppression, fraud, and/or malice as defined in California Civil Code section 3294. Accordingly, Ashot and Natalia are entitled to an award of punitive damages against

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

1  Claimants, all in amounts to be proved at trial.

2  ## SECOND CAUSE OF ACTION

3  ### Civil Theft

4  ### (Against Claimants)

5  30.     The preceding paragraphs are incorporated as if fully set forth herein by this

6  reference.

7  31.     By virtue of their false representations to induce Ashot and Natalia to permit the

8  Property to be held and controlled by Claimants, Claimants became entrusted with the Property.

9  32.     Claimants stole the Property from Ashot and Natalia in violation of, among other

10  laws, California Penal Code sections 484 and 496(a).

11  33.     Despite demand by Ashot and Natalia, Claimants refused to return the Property and

12  have concealed some or all of the Property.

13  34.     Claimants' conduct was a substantial factor in causing Ashot and Natalia to sustain

14  damages in a sum to be proved at trial, but in no event less than $50,000,000.

15  35.     Pursuant to California Penal Code section 496(c), Ashot and Natalia are entitled to

16  an award of treble damages against Claimants, in addition to attorney's fees and costs of suit.

17  36.     In committing the conduct alleged, Claimants acted willfully and with the intent to

18  cause injury and to enrich themselves at Ashot and Natalia's expense. Each of the Claimants,

19  therefore, is guilty of oppression, fraud, and/or malice as defined in California Civil Code section

20  3294. Accordingly, Ashot and Natalia are entitled to an award of punitive damages against

21  Claimants, all in amounts to be proven at trial.

22  ## THIRD CAUSE OF ACTION

23  ### Unjust Enrichment

24  ### (Against Claimants)

25  37.     The preceding paragraphs are incorporated as if fully set forth herein by this

26  reference.

27  38.     Claimants have been unjustly enriched as a result of their wrongdoing and

28  inequitable actions.

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

39.     Claimants derived a substantial benefit from their actions and the Property they wrongfully took from Ashot and Natalia.

40.     As a result of Claimants' conduct and their unjust enrichment, Ashot and Natalia are entitled to return of the Property, as well as their damages to be proved at trial.

<u>**FOURTH CAUSE OF ACTION**</u>

**Quiet Title -- Endrino**

**(Against Suren and Does 1-25)**

41.     The preceding paragraphs are incorporated as if fully set forth herein by this reference.

42.     The Endrino property is located at 655 Endrino Place, Beverly Hills, CA 90210, Assessor Parcel Numbers 4391-038-011 and 4391-038-017.  The legal description of the Endrino Property is as follows:

PARCEL 1:

LOT 11, OF TRACT NO. 24486, IN THE CITY OF BEVERLY HILLS, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 691 PAGE(S) 58 TO 61 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL2:

THAT PORTION OF LOT 17 OF COLDWATER CANYON TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 18 PAGES 22 AND 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWESTERLY CORNER OF LOT 11, TRACT 24486, AS SHOWN ON MAP RECORDED IN BOOK 691 PAGES 58 TO 61 OF MAPS, OF SAID COUNTY; THENCE ALONG THE NORTHERLY LINE OF SAID LOT NORTH 89° 50' 48" EAST 60 FEET, TO THE TRUE POINT OF BEGINNING; THENCE NORTH 39° 31' 59" EAST 172.50 FEET, TO A POINT IN THE NORTHWESTERLY LINE OF TRACT 21365, AS SHOWN ON MAP RECORDED IN BOOK 632 PAGE 8 TO 10 OF

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

MAPS, OF SAID COUNTY, DISTANT NORTH 27° 54' 16" WEST 150 FEET FROM THE SOUTHWEST CORNER OF LOT 12 OF SAID TRACT 21365; THENCE SOUTH 27° 54' 16" EAST 150 FEET; THENCE SOUTH 89° 50' 48" WEST ALONG THE NORTH LINE OF LOT 11 OF SAID TRACT 24486, 180 FEET TO THE TRUE POINT OF BEGINNING.

43.     Ashot and Natalia are the beneficial owners of the Endrino property.  Ashot and Natalia purchased the Endrino property in or about May 1999 in the name of the entity Endrino Corp., a California corporation which they owned and controlled.

44.     Suren was the nominee owner of the Endrino property by virtue of his position as an employee, officer and/or director of Endrino Corp., position(s) which he held at the behest of and on behalf of Ashot and Natalia.  Per the agreement of Ashot and Suren, Suren agreed to hold the title to the Endrino property in the name of Endrino Corp. on behalf of Ashot and Natalia. Suren also agreed to return title to the Endrino property to Ashot and Natalia upon demand.

45.     At all times since their initial purchase of the property in the name of Endrino Corp. in or about May 1999, Ashot and Natalia have been the beneficial owners of the Endrino property.

46.     In or about June 2022, Suren caused Endrino Corp. to transfer title to the Endrino property to himself personally.  Pursuant to his ongoing Agreement with Ashot, Suren continued to hold the title to the Endrino property, now in his own name, on behalf of Ashot and Natalia. Suren continued to agree to return title to the Endrino property to Ashot and Natalia upon demand.

47.     Upon entry of the Judgment, Ashot and Natalia demanded that Suren return the Endrino property to them and sign and effect the necessary documents to transfer the Endrino property to the names of Ashot and Natalia. To date, Suren has refused.

48.     Ashot and Natalia seek a judicial determination quieting title in their rightful names to the Endrino property as of the date this Verified Complaint for Joinder is filed and against all adverse claims.

/ / /

/ / /

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

Page 9
VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN

### FIFTH CAUSE OF ACTION

**Constructive Trust**

**(Against Claimants)**

49. The preceding paragraphs are incorporated as if fully set forth herein by this reference.

50. As described above, Ashot placed title to the Property in the names of Suren or Artem or in the name of companies owned or controlled by Suren or Artem as registered owners. Ashot, Suren, and Artem agreed that Ashot and Natalia remained the beneficial owners of the Property, and Claimants held the Property as the registered owner only.

51. Upon entry of the Judgment, Ashot and Natalia demanded that the Property be returned by Claimants. Claimants refused.

52. Based on the diversion of community property by Claimants, Ashot and Natalia seek imposition of a constructive trust on all of the Property.

### SIXTH CAUSE OF ACTION

**Declaratory Relief**

**(Against Claimants)**

53. The preceding paragraphs are incorporated as if fully set forth herein by this reference.

54. There is a dispute between Ashot, Natalia, and Claimants as to the actual ownership interest of each party and the community in the Property.

55. Ashot and Natalia are informed and believe, and based thereon allege, that Claimants have taken action adverse to Ashot and Natalia's ownership of and interest in the Property by attempting to transfer and transferring Ashot and Natalia's indivisible community interests in the Property to third parties, entities, and themselves.

56. Claimants have refused to return the Property.

57. Ashot and Natalia seek a judicial determination and a declaration that (a) Ashot and Natalia own the Property as community property, (b) Claimants cannot transfer or attempt to transfer the Property, and (c) Claimants cannot change ownership or control of any companies that

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

Page 10

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

1  hold any of the Property.  Ashot and Natalia further seek an order that Claimants must return the

2  Property to Ashot and Natalia.

3

4  WHEREFORE, Petitioner and Respondent pray for judgment as follows:

5  **PRAYER FOR RELIEF**

6  1.    As to the First through Third Causes of Action, damages to be proved at trial, but in

7  no event less than $50,000,000;

8  2.    As to the Third Cause of Action, treble damages pursuant to Penal Code section

9  496(c);

10  3.    As to the First through Third Causes of Action, punitive damages in amounts to be

11  proved at trial;

12  4.    As to the Fourth Cause of Action, a judicial determination that (a) Ashot and

13  Natalia own the Endrino property as community property and against all adverse claims,

14  (b) Claimants cannot transfer or attempt to transfer the Endrino property, and (c) Claimants

15  cannot change ownership or control of the Endrino property.  Ashot and Natalia further

16  seek an order transferring title to the Endrino property to Ashot and Natalia, and quieting

17  legal title thereto in their sole names;

18  5.    As to the Fifth Cause of Action, imposition of a constructive trust against

19  Claimants requiring them to account for and/or hold in trust all of the Property. The

20  constructive trust is to remain in place until this litigation is concluded or further order of

21  the Court;

22  7.    As to the Sixth Cause of Action, a judicial determination that (a) Ashot and Natalia

23  own the Property as community property, (b) Claimants cannot transfer or attempt to

24  transfer the Property or control over the Property, and (c) Claimants cannot change

25  ownership or control of the companies that hold the Property.  Ashot and Natalia further

26  seek an order that Claimants must return all of the Property to Ashot and Natalia;

27  / / /

28  / / /

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

Page 11
**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**

1        8.    As to all causes of action, for attorney's fees and costs incurred herein; and

2        9.    For such other and further relief as the Court may deem proper.

3    DATED:  September 6, 2024                THE LAW OFFICE OF RON RALE

4

5                                      By: _____

6                                         Ron Rale
                                           Attorneys for RESPONDENT ASHOT
                                           EGIAZARIAN
7

8    DATED:  September 6, 2024                THEODORA ORINGHER PC

9                                      By: _____

10                                        Allan L. Schare
                                           Samuel G. Fogas
11                                        Attorneys for PETITIONER NATALIA
                                           TSAGALOVA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

                                    Page 12
VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN

1

### VERIFICATION

2

Tsagolova vs. Egiazarian

3

Los Angeles County Superior Court Case No. 20STFL03636

4

5      I, the undersigned, certify and declare that I have read the foregoing Verified Complaint

6  for Joinder of Suren Egiazaryian and Artem Egiazaryian in the above referenced matter and know

7  its contents. I am the Respondent and affirm that the contents of the foregoing Verified Complaint

8  are true and correct.

9      I declare that under penalty of perjury under the laws of the State of California that the

10 foregoing is true and correct.

11     Executed on ___September 6___, 2024, at _____Paris_____, France.

12

13                                        _____

14                                            Ashot Egiazarian

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RON RALE
ATTORNEY AT LAW
2535 TOWNSGATE ROAD
SUITE 320
WESTLAKE VILLAGE, CA
91361
818-575-2000

**VERIFIED COMPLAINT FOR JOINDER OF SUREN EGIAZARYIAN AND ARTEM EGIAZARYIAN**